SAMUEL F. MOSHER *vs.* THOMAS B. SMITH.

Franklin.    Decided April 3, 1877.

*Sale.*

If C. delivers his oxen to T. as a pledge to secure payment of a note, and T. afterwards permits them to remain in C.'s possession to be re-delivered if C. does not pay the note in a week, a subsequent purchaser of C. within the week, without fraud against T., acquires a valid title against him.

If there is no delivery from C. to T., and the transaction between the parties is an agreement merely that the oxen shall be held as security, to be taken by T. in case of failure to pay the note, then T. takes no title and cannot contest the title of a subsequent purchaser, though his purchase was fraudulent.

ON EXCEPTIONS.

TRESPASS for taking a yoke of oxen.

There was evidence tending to show that Wm. Tarbox held a note against Joseph Collins; that he had a writ thereon put into the hands of the defendant, as deputy sheriff, and went with him to Collins' place; that the defendant there informed Collins that he was directed to attach the oxen, and that Collins thereupon "turned out" or delivered the oxen to Tarbox with the agreement that if Collins should pay Tarbox the amount of his note and cost within a week or ten days from that time, he had the right so to do; and the oxen were thereupon left with Collins; that within a few days after this transaction, and before the expiration of a week, Collins sold and delivered the oxen to the plaintiff, but they were still left in the possession of Collins; and Smith took them away afterwards as the servant and at the request of Tarbox by virtue of the trade and delivery to Tarbox in his presence.

The plaintiff claimed, and there was evidence tending to show, that the oxen were not in fact delivered to Tarbox by Collins so that they were in his actual possession and under his control, but that the transaction between the parties was an agreement merely that the oxen should be held as security, to be taken by Tarbox in case of failure to pay or secure the debt by Collins within a week or ten days.

The issue before the jury was, whether there was such a trade

that the oxen passed to Tarbox, and that he could hold them as against the plaintiff. The presiding justice instructed the jury as in the opinion appears. The verdict was for the plaintiff; and the defendant alleged exceptions.

*H. L. Whitcomb*, for the defendant.

*S. Belcher*, for the plaintiff.

DICKERSON, J. There was evidence in this case tending to show a·trade for the oxen in controversy between one Joseph Collins, the owner, and W. Tarbox, and, also, a subsequent sale of the oxen to the plaintiff. In both cases the oxen were left in the possession of the vendor until they were taken away by the defendant, at the request and as the servant of Tarbox. The question before the jury was, whether the trade with Tarbox passed the title in the oxen to him so as to entitle him to hold them against the plaintiff as a purchaser.

There was testimony tending to show, and the plaintiff claimed, that the oxen were not in fact delivered to Tarbox by Collins, but that there was simply an agreement between them that the oxen should be held as security, to be taken by Tarbox in case of Collins' failure to pay or secure his debt to Tarbox within a certain time.

Upon these points the presiding justice instructed the jury as follows : "If Mr. Collins actually delivered the oxen to Mr. Tarbox to be kept by him, and he took possession and control of them as a pledge to secure his note, and Tarbox afterwards permitted the oxen to remain in the possession of Collins, to be re-delivered to him if Collins did not pay or secure the note in a week or ten days, and the plaintiff, without fraud against Tarbox, purchased the oxen, he would take a good title as against Tarbox. But if the purchase of the oxen by the plaintiff was not in good faith, but for the purpose of defrauding Tarbox, then Tarbox would have the right to retake possession of the oxen and hold them under the agreement as a pledge for security of his debt. But if the oxen were not in fact delivered to Tarbox by Collins, so that they were in his actual possession and under his control, but the transaction between the parties was an agreement merely that the oxen should

be held as security, to be taken by Tarbox in case of failure to pay or secure the note by Collins, then such an agreement gave Tarbox no title, and he cannot contest the plaintiff's title though his purchase was fraudulent."

These instructions are sufficiently explicit for a proper presentation of the law of the case, and free from objection. If the counsel for the defendant desired further instructions he should have asked for them.                    *Exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.